1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF NEVADA**
7

8

9   JOSEPH V. GALLONI,                    )
                                          )
10                      Petitioner,        )        3:11-cv-00595-LRH-WGC
                                          )
11  vs.                                    )
                                          )        ORDER
12  GREG SMITH,                            )
                                          )
13  _____Respondent.     )

14          Petitioner Joseph V. Galloni proceeds on a petition for writ of habeas corpus pursuant to 28

15  U.S.C. § 2254 without the assistance of counsel.  Before the Court is respondents' motion to dismiss

16  (ECF No. 19) and petitioner's response (ECF No. 24).

17  **I.      Procedural Background**

18          Petitioner attacks the validity of his habitual criminal adjudication in reference to two convictions

19  incurred in the state court in November of 2007 and in February 2008.  Exhibits 7 and 32.[1]  The

20  convictions were apparently consolidated for purposes of plea negotiations.  Exhibit 3.

21          On March 22, 2007, the State filed an Information in case number C231668, charging petitioner

22  with twenty-seven felony counts. Exhibit 1. On February 15, 2007, an Information charging petitioner

23  with four felonies, including robbery, was filed in case number C230538.  Exhibit 25.  A Guilty Plea

24  Agreement addressing both cases was signed and filed on July 31, 2007.  Exhibits 3 and  26.  The

25  agreement contemplated that petitioner would plead guilty to one count of robbery in each case and

26  would be sentenced under the state's habitual criminal statute to terms of ten years to life on each count,

27

28          [1] The exhibits referenced in this order were submitted by respondents in support of the motion
    to dismiss and are found in the court's docket at ECF No. 20.

1  with the State retaining its right to argue that the sentences should be consecutive rather than concurrent.

2  *Id.* In exchange for the guilty plea, the State agreed to dismiss the remaining counts as well as two other

3  cases pending against petitioner: case number 06FH1586X and case number C230680.  *Id.* The court

4  accepted petitioner's guilty plea in case number C231668 on August 22, 2007.  Exhibits 2 and 4.

5  Sentencing in that case took place on November 5, 2007.  Exhibit 6.  A Judgment of Conviction was

6  entered the next day.  Exhibit 7.

7       In case number C230538 the court accepted petitioner's guilty plea as outlined in the agreement

8  in case number C230538.  Exhibit 27.  Thereafter, following some issues with the pre-sentence report

9  and issues with another case pending against petitioner, sentencing in that case occurred on January 28,

10  2008, with the judge imposing the ten years to life sentence consecutive to the sentence in C231668.

11  Exhibit  30.   Petitioner immediately filed a motion to withdraw his guilty plea.  Exhibit 31.   The

12  Judgment of Conviction in this case was entered on February 4, 2008.  Exhibit 32.  The motion to

13  withdraw the guilty plea was denied on February 6, 2008.  Exhibit 34.

14       Petitioner did not file an appeal or a post-conviction petition. Petition, p. 1. Counsel withdrew

15  on July 8, 2009.  Exhibits 8 and 35.  In August, 2009, more than eighteen months later, petitioner filed

16  a motion to modify and/or correct an illegal sentence in both cases.  Exhibits 10 and 37.  Those motions

17  were denied and the Nevada Supreme Court entered a consolidated affirmance.  Exhibit 22.  On October

18  18, 2010, petitioner filed a second motion for modification of or correction of his sentence in both cases.

19  Exhibits 18 and 42.  The Nevada Supreme Court again affirmed the lower court's denial of the requested

20  relief.  Exhibit 22. Rehearing was denied on July 28, 3011 and remittitur was entered on August 22,

21  2011.  Exhibit 24.

22       Petitioner submitted his petition to this Court on October 27, 2011.  Respondents move to

23  dismiss on the basis that the petition was filed outside the one-year statute of limitations imposed by 28

24  U.S.C. § 2244(d), that the claims are unexhausted and that ground one of the petition is procedurally

25  defaulted (ECF No. 19).  The motion is opposed (ECF No. 24).

26  ///

27  ///

28

1   **II.      Legal Standards**

2           A.      Statute of Limitations

3               The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes

4   controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of

5   federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute

6   provides:

7               (d)(1) A 1-year period of limitation shall apply to an application for a
                writ of habeas corpus by a person in custody pursuant to the judgment
8               of a State court. The limitation period shall run from the latest of-

9                       (A) the date on which the judgment became final by the
                        conclusion of direct review or the expiration of the time for
10                      seeking such review;
                        (B) the date on which the impediment to filing an application
11                      created by State action in violation of the Constitution or laws
                        of the United States is removed, if the applicant was prevented
12                      from filing by such State action;
                        (C) the date on which the constitutional right asserted was
13                      initially recognized by the Supreme Court, if the right has been
                        newly recognized by the Supreme Court and made retroactively
14                      applicable to cases on collateral review; or
                        (D) the date on which the factual predicate of the claim or
15                      claims presented could have been discovered through the
                        exercise of due diligence.
16
                (2) The time during which a properly filed application for State
17              post-conviction or other collateral review with respect to the pertinent
                judgment or claim is pending shall not be counted toward any period of
18              limitations under this subsection.

19  28 U.S.C. § 2244(d).

20          The Ninth Circuit Court of Appeals has held that the "time for seeking direct review" under 28

21  U.S.C. §2244(d)(1)(A) includes the ninety-day period within which a petitioner who was unsuccessful

22  on direct appeal can file a petition for a writ of certiorari from the United States Supreme Court under

23  Supreme Court Rule 13, whether or not the petitioner actually files such a petition. *Bowen v. Roe*, 188

24  F.3d 1157, 1159 (9th Cir. 1999).

25  **III.     Discussion**

26          In the present case, petitioner's judgment of conviction in case number C231668 was filed on

27  November 6, 2007, and in case number C230538, the judgment of conviction was entered on February

28

4, 2008.  Exhibits 7 and 32. Under Nevada law, a party seeking to appeal his conviction has 30 days within which to file a notice of appeal. NRAP 41(a). Petitioner did not file a direct appeal in either case. Because no appeals were filed, the convictions became final when the period for filing an appeal expired. 28 U.S.C. § 2244(d)(1)(A). Thus, petitioner's convictions became final on December 5, 2007 and on March 6, 2008, which dates are 30 days after the relevant judgment of conviction was entered. Petitioner had one year after those dates to file a federal petition for writ of habeas corpus in order for the petition to be timely under 28 U.S.C. § 2244(d).

To qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, the first state habeas petition or other collateral motion must be constructively filed before, not after, the expiration of AEDPA's one-year limitation period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir.2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001)(stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [ ] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir.2000).

Petitioner filed his first motion to Modify And/or Correct Illegal Sentence on August 20, 2009, more than 17 months after the later conviction became final.  With the one-year period already expired before he filed his motions to correct the sentence, petitioner is not entitled to any tolling while those motions were pending in state court. *Jiminez*, 276 F.3d at 482 (state collateral petition filed after expiration of AEDPA limitations period does not toll); *Green v. White*, 223 F.3d at 1003 (no tolling for state petition filed after the AEDPA limitations period had already run). The instant federal habeas petition was filed on October 27, 2011, which was over 32 months after the expiration of the AEDPA statute of limitations in the latest case.

Petitioner argues that the petition is timely because there is no statute of limitations or procedural bars to filing a motion to correct an illegal sentence under Nevada law.  He also argues that he is not challenging the two existing prior convictions which were used to adjudicate him as a habitual

1    criminal nor any errors that occurred at trial or sentencing, thereby making the motion procedurally

2    proper.[2] Rather, petitioner notes he is attempting to attack the "large" habitual criminal adjudication

3    because he alleges that he had only two prior felony convictions when NRS 207.010(b) requires three

4    prior felony convictions to qualify him for the sentence imposed.

5        These contentions are not apropos to the issue of timeliness in the federal court.  As noted

6    above, if the statute of limitations has expired, it cannot be reinitiated simply by filing a motion in state

7    court, even if that motion is timely under state law.  Petitioner offers no other arguments for equitable

8    tolling of the one-year period.  The petition is untimely where 28 U.S.C. § 2244(d) requires that the

9    federal habeas petition be filed within one year of the conviction becoming final and the instant petition

10    was not filed until almost four years after his conviction became final.

11   **IV.    Conclusion**

12        The federal petition was filed in this Court well after the expiration of the one-year limitation

13    period.  The petition is untimely and will be dismissed with prejudice on that basis.  The other

14    arguments raised by respondents, therefore, need not be discussed herein.

15   **V.    Certificate of Appealability**

16        Should petitioner wish to appeal this decision, he must receive a certificate of appealability.  28

17    U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th

18    Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a

19    petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

20    certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

21    (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's

22    assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In

23    order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

24    debatable among jurists of reason; that a court could resolve the issues differently; or that the questions

25    are adequate to deserve encouragement to proceed further. *Id.*

26

27

      [2] The Court notes that there was no trial as petitioner entered a guilty plea following extensive

28   negotiations which provided him with substantial benefit in exchange for the guilty plea.

1    Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254

2  and 2255 Cases, district courts are required to rule on the certificate of appealability in the order

3  disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of

4  appeal and request for certificate of appealability to be filed.  Rule 11(a).  This Court has considered

5  the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a

6  certificate of appealability, and determines that none meet that standard.  The Court will therefore deny

7  petitioner a certificate of appealability.

8    **IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 19) is **GRANTED.**

9  The petition is **DISMISSED WITH PREJUDICE** as untimely filed.

10    **IT IS FURTHER ORDERED** that no certificate of appealability shall issue.  The Clerk shall

11  enter judgment accordingly.

12    Dated this 21st day of May, 2012.

13

14  _____

15  LARRY R. HICKS
   UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28